IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

In the matter of: : Case No. 00-0043-46-PG
:
THE UNITED STATES OF AMERICA : Criminal Case Proceeding
:
        -vs- :
:
JULIO PEREZ-CARABALLO, :
:
        Defendant. :
:

NUNC PRO TUNC MOTION
PURSUANT TO U.S.S.G. § 5G1.3
TO CLARIFY/CORRECT CONCURRENCY OF
FEDERAL SENTENCE IN REGARD TO
UNDISCHARGED TERM OF IMPRISONMENT

NOW BEFORE THE COURT comes the pro se Defendant Julio Perez-Caraballo; to move the Court; pursuant to U.S.S.G. § 5G1.3 and 18 U.S.C. § 3585(b); to issue a clarification (and/or correction) to the Judgment and Committment Order in this criminal proceeding, issued on July 12, 2002 by the Honorable D. Brock Hornby, United States District Court Judge.

1. The pro se Defendant brings this motion before this Court only after attempting (extensively) to resolve these issues with the Federal Bureau of Prisons, and after being instructed on June 2, 2005 by his Case Manager (Mr. Hodges) at FCI Estill "you should file (sic) w/Federal [c]ourt for (sic) term of imprisonment reduction pursuant to Sentence (sic) guidelines 5G1.3. We can't give you this time per 18:3585(b)." Additionally, the Defendant has made numerous previous attempts to resolve this issue at FCI Estill (see Exhibit "A") and on August 5, 2004; he filed with this Court a "Petition for Relief According to Law as Given in the Above Case",

although the former motion was deficient in form and fashion, the Defendant (in his capacity as a pro se litigant, in that his former counsel has been long ago terminated from the case) is left with no other alternative, other than to Motion this Court for this relief which he is so clearly entitled to. A copy of the first "petition" is attached herewith, marked as Exhibit "B", and incorporated herein by reference (and is utilized for the "background" of this Motion to form the factual basis thereof).

2. In the instant J&C issued in this criminal matter, the District Court Judge clearly states under the imprisonment section "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eighty-seven (87) months to run concurrent <u>with any other commonwealth sentence the defendant is currently serving</u>." (emphasis added). The J&C is attached herewith, marked as Exhibit "C".

3. The Defendant was sentenced with a co-defendant who was serving the same "type" of State and Federal sentences (at the same time) and the co-defendant's calculations were treated "properly" and he was given the full credit towards his Federal sentence.

4. In accordance with the holdings in <u>Rios v. Wiley</u>, 34 F.Supp. 2d 265 (M.D. Pa. 1999) "Writ of habeas corpus ad prosequendum" is issued for the purpose of indicting, prosecuting, and sentencing a defendant already confined within another jurisdiction. In <u>Rios</u>, supra; Defendant, who was sentenced to a concurrent sentence for Federal offense at a time when he was serving his state sentence on related state offense, was entitled to credit for 22-month period he spent with federal authorities on ad prosequendum writ; to

effectuate the federal sentence the defendant had to be given credit for the time spent incarcerated before the federal sentencing, otherwise mere happenstance of the timing of the federal sentence would cause defendant to serve a partially consecutive sentence, contrary to the intent of the sentenceing court. It is quite clear that the "intent" of this Court was for this Defendant to receive credit for the time he had previously served, just as his co-defendant had. The Bureau of Prisons, however, had other interpretations to be utilized. The Bureau of Prisons has never claimed to this Defendant that he "isn't entitled to the credit" he is claiming, they simply claim that they "aren't allowed to give it to him, without an Order of the sentencing court".

5. The Defendant incorporates the exact facts and argument which were clearly on point, as presented in his former motion (petition).

6. The Defendant (while in the process of exhaustion of his Bureau of Prisons Administrative Remedy) program was advised by B.O.P. staff that the Order or clarification had to come from the Court which sentenced him, and that the Administrative Remedy process would afford him no benefit or resolution.

7. The Defendant looks to the sentencing Court to clarify and/or correct this matter in the interest of Justice.

W H E R E F O R E, the Defendant would ask that this Honorable Court issues a clarification Order (to be directed to the Bureau of Prisons) to indicate that his "concurrently imposed Federal sentence shall include credit for the time served in State prison" in accordance with the obvious intentions of this Court.

-4-

The Defendant relies on the documents submitted in support of this Motion.

Respectfully submitted,

By: *Julio Perez Caraballo*
JULIO PEREZ-CARABALLO
FCI Estill #19370-069
Post Office Box 699
Estill, South Carolina 29918-0699

Dated: July 11, 2005

CERTIFICATE OF SERVICE

I, JULIO PEREZ-CARABALLO, do hereby CERTIFY that on this the 12th day of July, 2005; I did deposit with the U.S. Mail, postage pre-paid for delivery by First Class Mail, an exact copy of this within-named Motion for delivery and service upon:

Mr. Humberto S. Garcia
United States Attorney
350 Carlos Chardon Avenue, Suite #1201
"Torre Chardon"
San Juan, Puerto Rico 00918

By: *Julio Perez Caraballo*
JULIO PEREZ-CARABALLO