EXHIBIT "B"

Original "Petition" filed with
this Court for Relief

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

Julio Perez-Caraballo,
        Petitioner,

vs.

United States of America,
        Respondent.

Case No. 00-0043-46

PETITION FOR RELIEF ACCORDING TO
LAW AS GIVEN IN THE ABOVE CASE

NOW COMES, the above named petitioner, Julio Perez-Caraballo,
in want of counsel, before this most Honorable Court, pursuant
to the Federal Sentencing Guidelines § 5G1.3, and asks this
court to grant this his motion for the following reasons:

## JURISDICTION

Under Title 28 U.S.C. §§ 1651 and 1331 this most Honorable Court
has the jurisdiction in this matter to grant this motion.

## CONSIDERATION

Under Haines vs. Kerner, 404 U.S. 519 (1972) this Honorable
Court must liberally construe any and all motions filed by pro
se litigants.

## STATEMENT OF FACTS AS THEY PERTAIN TO MOTION

On or about July 12, 2002 the petitioner was sentenced to serve
a federal sentence, as part of his Judgement and Committment
papers the judge stated that if in fact the petitioner did in
fact have a Commonwealth sentence to serve that it was to run

2.

concurrent with any Federal sentence the Court might impose.

The petitioner argues that upon entering the Federal system that he was alerted that he had Prior Commonweath convictions in both Case no: JSC97G0895 and JSC97G0896. The petitioner later found out that these case were considered "relevvant conduct", therefore should have been credited towards the service of his current Federal sentence. Furthermore, no prior Jail credit has been given in either case, therefore the reason I know complain.

### ARGUMENT

The petitioner now argues that he is entitled to relief in the instant case based upon an improper calculation of the prior commonwealth cases that was supposedly used as relevant conduct to the instant case. The fact that the Court in the Commonwealth proceedings requested that the time run concurrent to any Federal sentence, technically, the sentence would have started at that point, whether state or Federal. In otherwords, the District Court entered it's judgement of 87 months on March 3rd 2000, being that the Conspiracy ran from 1993 to that date of sentencing. Moreover, being that the Commonwealth imposed it's sentence on February 4, 1998, and since this was considered part of the instant offense the Court should have either granted the petitioner prior jail credit from the February 4, 1998 date, or granted the petitioner an order pursuant §5G1.3(b), entitling the petitioner to have his sentence credited to end on or about May. 4, 2005 (without goodtime credit).

Currently, the B.O.P. has entered a term of 87 months, starting on July 7, 2002, with a Statutory release date of November 4, 2008, and a full term date of October 11, 2009. However, there is no award for the time served while in the custody of the

3.

State/Commonwealth.

Under 18 U.S.C. §3582(b), it outlines when a defendant is
to receive credit on a sentence for prior custody. "A defendant
shall be given credit towards the service of a term of imprisonment
for anytime he has spent in official detention prior to the date
the sentence commenced, (1) as a result of the offense for which
the sentence was imposed on;(2) as a result of any other charge
for which the defendant was arrested after the commission of
the offense for which the sentence was imposed, or that has not
been credited against another sentence.

It is argues that the petitioner is entitled to have the
credit for his prior sentence credited to him because, no credit
has been given for the term served under the Commonwealth and
it would be an injuctice to allow such to go uncorrected. Therefore
the court has the authority to start the sentence from the date
petitioner was placed in custody in the state. See United States
v. Fuentes, 107 F.3d 1515 (11th Cir. 1997)(whenever  a defendant
is subject to an undischarged sentence imposed for criminal activity
that §1B1.3 treats as relevant conduct :5G1.3(b) directs the
Court to impose a sentence that runs concurrent to the undischarged
sentence. Id.

In Fuentes, the Court went on to explain that,"whether the
sentencing court in fact considered the relevant conduct (for
which the defendant was then serving an undischarged sentence)
is not determinative, what counts is whether the relevant conduct
should have been considered.

Apperantly, the Court's have seem to have forgotten to grant
the petitioner credit or to have considered that the prior convictions
took place at the same time as the alleged conspiracy, and therefore

4.

should have been considered "relevant conduct".

The Courts have repeatedly stated that "multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently.See 18 U.S.C. §3584(a); United States v. Ballard, 6 F.3d 1502 (11th Cir. 1993). Also, pursuant to §5G1.3 (b), which provides that "a sentence under the Guidelines should run concurrent to another sentence if the other sentence "has been fully taken into account in the determination of the offense level for the instant offense. United States v. Lymont, 45 F.3d 400 (11th Cir. 1995).

U.S.S.G. §5G1.3 (b) requires concurrent sentencing if a defendant is prosecuted in Federal and State Court for different criminal transactions that are part of the same course of conduct, such as two drug sales. If the defendant has remaining time to serve on a State offense for the same course of conduct in the determination of the offense level for the federal offense, the sentence for the federal crime shall be such as to result in a combined sentence equal to the total punishment that would have been imposed under §5G1.2 had all the sentences been imposed at the same time. U.S.S.G §5G1.3; United States v. Harris, 990 F.2d 594 (11th Cir. 1993).

In the instant case, the court is respectfully asked to apply §5G1.3(b) to the sentencing scheme used to sentence the petitioner so that the court can take into account the prior sentences used as relevant conduct when imposing the instant sentence. In the alternative, start the petitioner current sentence on the same date as the original sentence.

## CONCLUSION

Wherefore based on the foregoing reason this Court is requested to grant the above style motion so that justice may be served.

Respectfully Submitted,

Julio Perez-Caraballo #19370-069
Federal Correctional Institution
Post Office Box 699
Estill, South Carolina 29918-0699

cc: Clerk of the Court
    United States District Court

    Personal File

6.